IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LINWARD CHARLES M.,            ‘
                              ‘
        Plaintiff,            ‘
                              ‘
                              ‘        No. 3:21-cv-2300-BN
                              ‘
KILOLO KIJAKAZI, Acting        ‘
Commissioner of Social Security,   ‘
                              ‘
        Defendant.            ‘

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Linward Charles M. seeks judicial review of a final adverse decision
of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons
explained below, the hearing decision is affirmed.

## Background

Plaintiff alleges that he is disabled as a result of stroke-like symptoms and low
vision in both eyes. After his application for disability insurance benefits was denied
initially and on reconsideration, Plaintiff requested a hearing before an
administrative law judge ("ALJ"). That hearing was held on March 23, 2021. *See* Dkt.
No. 12-1 at 37-54. At the time of the hearing, Plaintiff was sixty-four years old. He
attended college for two years, and has past work experience as a salesclerk, RV
mechanic, and automobile mechanic. Plaintiff has not engaged in substantial gainful
activity since May 31, 2020.

The ALJ found that Plaintiff was not disabled and therefore not entitled to
disability benefits. *See id.* at 20-28. Although the medical evidence established that

Plaintiff suffered from status-post left occipital lobe ischemic stroke, loss of vision right side OU, hypertensive heart disease, systolic heart failure, and atherosclerotic heart disease, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform his past relevant work as a salesclerk.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two grounds. First, Plaintiff contends the assessment of his residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ failed to include visual limitations and because it was premised on outdated evidence. Second, Plaintiff contends the ALJ committed legal error by failing to clarify a conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT").

The Court determines that the hearing decision is affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an

3

impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not

supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

I.   <u>Plaintiff fails to show prejudice from the alleged failure to develop the record.</u>

Plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly develop the record as there is but one page of evidence in the record from the corrected onset date of disability through the date of the decision. Plaintiff argues that the undeveloped record stems from the ALJ's failure to assist Plaintiff, who appeared pro se at the hearing, develop the record. But Plaintiff fails to show that he "would and could have adduced evidence that might have altered the result." *Brock*, 84 F.3d at 728-29.

II.   <u>The RFC determination is supported by substantial evidence.</u>

Plaintiff contends the ALJ's RFC is not supported by substantial evidence because the ALJ was required but failed to include specific visual limitations after finding Plaintiff suffers from a severe visual impairment. *See* Dkt. No. 25 at 12.

5

Although Plaintiff frames the issue as one of substantial evidence, the Court considers whether the failure of the ALJ to attribute any specific limitation to a severe visual impairment constitutes reversible error. *See Sarah B. v. Berryhill*, No. 1:17-cv-80-BL, 2018 WL 3763837, at *8 (N.D. Tex. June 29, 2018).

Finding impairments severe at Step Two "does not mandate additional limitations in the RFC." *Winston v. Berryhill*, No. 3:16-cv-419-BH, 2017 WL 1196861, at *12-14 (N.D. Tex. Mar. 31, 2017). "The ALJ must clearly consider the severe impairments in determining the claimant's RFC, not necessarily assess limitations for each severe impairment." *Id*. at *13 (citations omitted).

Keeping in mind the differences between a Step Two severity finding and the RFC assessment, an ALJ "does not err solely because [he or] she finds an impairment 'severe' at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC." *Sarah B*, 2018 WL 3763837at *9 ("Because the ALJ in this case expressly considered Claimant's severe migraine impairment when assessing her RFC, he did not err when he failed to attribute a specific limitation to that severe impairment [as] [t]he decision of the ALJ provides a sufficient explanation showing that he considered the severe impairment in making the RFC assessment notwithstanding the failure to specify a limitation directly attributable to her migraine headaches.") (citations omitted).

Here, after determining that Plaintiff's loss of vision on the right side was a severe impairment, the ALJ determined that Plaintiff's visual impairment did not meet or medically equal the criteria of listing 2.02 for loss of central visual acuity

6

because the remaining vision in Plaintiff's better eye after best correction is not 20/200 or less. The ALJ also determined that Plaintiff's visual impairment did meet or medically equal the requirement for listing 2.03 for contraction of the visual field in the better eye and listing 2.04 for loss of visual efficiency, or visual impairment, in the better eye. *See* Dkt. No. 12-1 at 23; 20 C.F.R. § Subpt. P, App. 1, §§ 2.02, 2.03, 2.04.

In making the RFC determination, the ALJ discussed Plaintiff's testimony that his salesclerk job required him to perform activities like climbing ladders but that he did not feel comfortable performing those activities due to his vision problem. He would also run into people due to his vision. Plaintiff also testified that he drives very little but will drive to places close to his home. *See* Dkt. No. 12-1 at 25.

The ALJ noted that Plaintiff has been diagnosed with loss of vision of the right eye (OU), homonymous hemianopia, and cataracts that are not visually significant. *See id*. at 25. Examination of Plaintiff's eyes reveals OD constricted field temporal and OS constricted field nasally. His EOM has been full. Plaintiff's visual acuity OD distance and intermediate was reported to be 20/60. His corrected vision is reported to be 20/30 and 20/25. *See id*. at 26. Plaintiff has been prescribed glasses. *See id*. at 25, 26.

The ALJ considered a letter from Sam Rolon, M.D. dated August 6, 2020, in which he recommends that Plaintiff "should not work as he is at risk for having another stroke. Patient is unable to drive due to Hemianopic defect following his

stroke with 90 degree visual field cut which is consistent with an intracranial lesion." *Id*. at 26, 689.

The ALJ found Dr. Rolon's letter not persuasive because he did not explain why Plaintiff would be at risk for having another stroke or why being at risk for a stroke would preclude Plaintiff from working entirely. *See id*. at 26. The ALJ also found that Dr. Rolon's letter was not supported internally because the record demonstrates Plaintiff has some work-based functional limitations but that he would not be precluded from all work activity. *See id.*

The ALJ considered a vision questionnaire completed by Plaintiff in which he states that his vision cannot be corrected with eyeglasses or contact lenses. Plaintiff states that, while wearing his glasses or contacts, he can read a computer screen and obtain a driver's license but cannot read fine print or road signs or avoid common hazards such as an open door or boxes on the floor. In the explanation section, Plaintiff states that he continues to walk into people and counters at stores, tries to avoid crowds, and has trouble driving safely. See id. at 26, 211.

Both State Agency Reviewing Consultants determined that contraction of the visual field in Plaintiff's better eye was a severe impairment and that his field of vision in both eyes was limited. *See id*. at 26, 59, 61. They both concluded that, due to Plaintiff's visual impairment, he should avoid activities requiring welding, operating moving vehicles, working at hazardous heights and with hazardous machinery, and machines with open areas, conveyors, or parts that can engage the

body or body part of the Plaintiff or fellow worker, and machines with blades of combustible parts. *See id.* at 27, 62, 75.

The ALJ determined Plaintiff had the RFC to lift or carry twenty pounds occasionally and ten pounds frequently and stand, walk, or sit for six hours in an eight-hour workday with normal breaks. The ALJ also determined that Plaintiff can perform no jobs that require the operation of a motorized vehicle as part of the job duties or involving climbing ladders, ropes, or scaffolds. And the ALJ determined that Plaintiff must avoid all exposure to unprotected heights and hazardous machinery. *See id.* at 24.

The ALJ considered and included limitations in the RFC determination to accommodate Plaintiff's severe visual impairments, and Plaintiff has referred to no objective medical evidence showing his visual impairment reduced his RFC below what the ALJ found.

III.   <u>The ALJ resolved the conflict between the VE 's testimony and the DOT.</u>

Plaintiff contends the ALJ failed to resolve a conflict between the VE's testimony and the DOT based on the classification of Plaintiff's past relevant work as performed at the light or medium exertional level.

Under the Social Security Rulings, occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT. *See* SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). As part of the ALJ's duty to fully develop the record of the hearing, the ALJ must "inquire, on the record, as to whether or not there is such consistency." SSR 00-4p, 2000 WL 1898704, at *2.

Though the DOT lists the maximum requirements of an occupation, a VE's testimony is not required to do so. *See* SSR 00–4p, 2000 WL 1898704; *see also Jones v. Chater*, 72 F.3d 81, 82 (8th Cir. 1995). A VE may testify about the "range of requirements of a particular job as it is performed in specific settings," and in that way "provide more specific information about jobs or occupations than the DOT." SSR 00–4p, 2000 WL 1898704; *see also Jones*, 72 F.3d at 82.

A direct conflict may arise when the VE's testimony regarding the exertion or skill level of a particular job is facially different than that indicated in the DOT or when the VE's testimony creates a conflict between the ALJ's RFC determination and the description of the jobs in the DOT. *See Cary v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). When there is a direct and obvious conflict between a VE's evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's evidence to support a determination of disability. *See Jones*, 72 F.3d at 82.

When a "direct and obvious" conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is "so lessened that reversal and remand for lack of substantial evidence usually follows." *Carey,* 230 F.3d at 146; *see also Gaspard v. Soc. Sec. Admin., Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009).

But, when the conflict is implied or indirect, and it did not undergo adversarial cross-examination at the hearing, the ALJ may rely on the VE's testimony without resolving the later-proposed conflict so long as the record reflects an adequate basis for doing so. *See Gaspard*, 609 F. Supp. 2d at 613 (citing *Carey,* 230 F.3d at 146).

Here, the ALJ determined that Plaintiff had the RFC to perform his past relevant work as a salesclerk only as the job is generally performed in the national economy at a light exertional level but not as it was performed by Plaintiff at a medium exertional level. *See* Dkt. No. 12-1 at 27-28. The ALJ noted that this was consistent with the VE's testimony that, although Plaintiff's past relevant work as a salesclerk is commonly performed at the light exertional level, many sales positions are performed at the medium exertional level, and Plaintiff could perform his past relevant salesclerk work if limited to the light exertional level. *See* Dkt. No. 12-1 at 27-28, 47, 51-52.

The ALJ acknowledged there were some variations between the VE's testimony and the DOT. The ALJ explained that the DOT classifies jobs by exertional category without provisions for additional limitations. The ALJ further explained that, while the DOT lists maximum requirements of occupations as generally performed, a VE can provide testimony with consideration given to the range of requirements of jobs as they are actually performed. The ALJ concluded by noting that, when the testimony of a VE differs from the DOT, the ALJ may rely on the experience of the VE, and, considering that the VE's testimony was based on her training, education, and experience, which includes her experience placing people in jobs, the ALJ found that the VE had a reasonable basis for her opinion.

The ALJ resolved the conflict between the VE's testimony and the DOT and properly relied on the VE's testimony to determine Plaintiff could perform past relevant work.

### Conclusion

The hearing decision is affirmed in all respects.

DATED: November 22, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE